IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-803 (CFC) |
| | ) |
| VLSI TECHNOLOGY LLC, | ) |
| | ) |
| Defendant. | ) |

**INTEL CORPORATION'S MOTION FOR AN ORDER TO SHOW CAUSE WHY VLSI TECHNOLOGY HAS NOT VIOLATED THE COURT'S <u>STANDING ORDERS</u>**

Intel Corporation ("Intel") hereby moves for an Order to Show Cause why VLSI Technology LLC ("VLSI") has not violated the Court's Standing Order Regarding Disclosure Statements Required Under Federal Rule of Civil Procedure 7.1 (the "Rule 7.1 Disclosure Order") and Standing Order Regarding Third Party Litigation Funding Arrangements (the "Litigation Funding Order"). If VLSI cannot show such cause, it should immediately provide the information needed for compliance with these orders—or be sanctioned for failure to do so. Specifically, if VLSI fails to comply with these orders, VLSI's pending motions to dismiss, stay, or transfer this case (D.I. 12, 15) should be denied without prejudice, to be renewed only if VLSI complies with its disclosure requirements. The information needed for compliance is not only required by the Court's standing orders, but is directly relevant to the core issues in this case. This case centers on license rights that turn

on who has "control" of VLSI, and the ownership and funding of VLSI bears directly on that critical question of "control."

On April 18, 2022, this Court issued two standing orders. One required that a party disclose all people or entities with a direct or indirect interest in it, including that:

> where a party is a … limited liability corporation …, the party must include in its disclosure statement filed pursuant to Federal Rule of Civil Procedure 7.1 the name of every owner, member, and partner of the party, proceeding up the chain of ownership until the name of every individual and corporation with a direct or indirect interest in the party has been identified.

The second required that parties disclose any entity funding the litigation, including the identity of any person or entity that provides funding "for some or all of the party's attorneys fees and/or expenses to litigate this action on a non-recourse basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance," defined as a "Third-Party Funder." The Litigation Funding Order further requires disclosure of whether any Third-Party Funder's approval is necessary for litigation or settlement decisions in this action and, if yes, the "nature of the terms and conditions relating to that approval" and a "brief description of the nature of the financial interest."

On September 16, 2024, VLSI filed its Rule 7.1 Disclosure Statement and its Disclosure Regarding Third Party Funding in this case. *See* D.I. 18 and 19. Both are deficient under the Court's Standing Orders.

## I.     VLSI's Rule 7.1 Disclosure

In its Rule 7.1 Disclosure, VLSI stated that it is a subsidiary of CF VLSI Holdings LLC ("VLSI Holdings"), which in turn is owned by ten separate entities, including seven limited liability corporations, one limited liability partnership, and two limited partnerships. D.I. 18. VLSI claims that the "identities of the ultimate owners of the ten funds are kept confidential" by Fortress Investment Group ("Fortress") "such that VLSI may not and does not know them." *Id.* It further claims that none of its outside investors are "directly invested" in VLSI. *Id.*

This is plainly deficient. It fails to provide the information required by the Court, namely, "the name of every individual and corporation with a direct or indirect interest" in VLSI. This information is necessary and relevant for multiple reasons, including to promote public transparency and the public interest in monitoring judicial proceedings and to prevent conflicts of interest and the appearance of impropriety.

This Court has already found that a nearly identical disclosure by VLSI in a patent infringement case it brought against Intel in this Court does not comply with the requirements of this Court's Rule 7.1 Disclosure Order. *See* Ex. A, *VLSI Tech.*

3

*LLC v. Intel Corp.*, No. 18-966 (D. Del.) at D.I. 972 (Declaration of VLSI's CEO, Michael Stolarski); Ex. B, *id.* at D.I. 975 (Memorandum Order). For example, the Court found that VLSI's prior explanation that its majority owner is "comprised of six individual funds" was insufficient because it did not identify the funds or state that they were corporations. Ex. B, *id.* at D.I. 975. The Court stayed VLSI's infringement case and, after VLSI once again failed to comply with the Court's Rule 7.1 Disclosure Order, the Court set a hearing to determine whether the Court should dismiss VLSI's infringement claims based on its failure to comply. Ex. B, *id*. at D.I. 975; Ex. C, *id.* at D.I. 988. VLSI subsequently granted Intel a covenant not to sue on the patents asserted in that case and stipulated to dismissal of its case with prejudice. *See* D.I. 2 at ¶¶ 15, 34.

Now that VLSI is once again before this Court and has once again failed to comply with the Rule 7.1 Disclosure Order, it should be ordered to show cause for that failure. VLSI is a non-practicing entity created by Fortress-managed funds in 2016 to monetize patents acquired from NXP Semiconductors. *VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-05671-BLF, 2023 WL 9052312, at *1 (N.D. Cal. Dec. 20, 2023). VLSI acquired over 170 patents from NXP for $35 million and, to date, VLSI's only activity has been to assert 23 different patents against Intel across seven different suits. D.I. 2 at ¶¶ 8, 10.

One hallmark of Fortress's NPE strategy has been the use of complicated ownership structures that hide the involvement of Fortress and its investors behind layers of limited liability companies and partnerships. *See* Ex. D, *Uniloc 2017 LLC v. Netflix, Inc.*, No. 8:18-cv-02055-GW-DFM (C.D. Cal. Dec. 14, 2020), D.I. 188 at 9 (Netflix discussing how Uniloc, another Fortress NPE, sought to conceal the nature of its relationship with Fortress).

Here, VLSI steadfastly refuses to provide complete information regarding its ownership. VLSI is a limited liability company (LLC) that has opted to be treated as a pass-through entity for tax purposes.[1] VLSI's sole member (i.e., owner), CF VLSI Holdings LLC ("VLSI Holdings"), is also an LLC. And the ten members of CF VLSI Holdings LLC named by VLSI are all LLCs or partnerships. Any proceeds VLSI earns from litigation will thus move through a chain of passthrough entities to the ultimate owners that it has refused to disclose. VLSI's argument that the ultimate owners, who stand to financially benefit from the litigation campaign that necessitated this declaratory judgment action, prefer to remain anonymous is no excuse for providing incomplete disclosures.

---

[1] Under Delaware law, an LLC is different from an ordinary corporation. LLCs have members rather than shareholders. Del Code. Ann. Tit. 6, § 18-101. LLCs are also eligible to be treated as partnerships for tax purposes, *id*. § 18-1107, meaning they can function as pass-through entities in which income is attributed to their members, 26 U.S.C. § 701.

Nor does the posture of this case as a declaratory judgment action diminish VLSI's obligation to comply with the Court's Rule 7.1 Disclosure Order. Intel seeks a declaratory judgment that it does not infringe VLSI's patents because it is licensed. Intel's license defense had been fully briefed on cross-motions for summary judgment in this Court before VLSI granted a covenant not to sue and dismissed its claims with prejudice. *See* D.I. 2 at ¶¶ 32-34.

After the dismissal of the previous action in this Court, the parties again fully briefed Intel's license defense on cross motions for summary judgment in the Northern District of California. *See id.* at ¶ 35. On December 20, 2023, Judge Freeman rejected VLSI's argument that VLSI could not be bound by the license agreement and ordered a trial on the narrow issue of whether VLSI is an "Affiliate" of Finjan, Inc. and Finjan Software, Inc. based on common "control" by Fortress. *VLSI Tech. LLC*, 2023 WL 9052312, at *11. With a trial on the license defense impending, VLSI attempted to moot the case by unilaterally granting Intel a covenant not to sue on the only patents that had survived summary judgment in the Northern District of California.

Judge Freeman held that VLSI's covenant deprived the court of jurisdiction over Intel's affirmative defense, but that the court had jurisdiction to consider Intel's counterclaim seeking a declaratory judgment that it was licensed to VLSI's patents. *VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-05671-BLF, 2024 WL 1486143, at *1

(N.D. Cal. Apr. 4, 2024). Nonetheless, at VLSI's urging, Judge Freeman dismissed Intel's counterclaim based on *forum non conveniens* because "the forum selection clause" in the license agreement "requires Intel's standalone counterclaim be litigated in Delaware." *Id*. at *5. This suit—filed in Delaware as VLSI argued it should be—followed to ensure that VLSI could not keep using strategically timed covenants to moot Intel's license defense every time a court came close to ruling on the defense. And in this suit, just like the California case, the question of the "control" of VLSI will take center stage. That ownership and funding information required by this Court's standing orders bear directly on that "control" issue.

Because VLSI's disclosure is insufficient and does not comply with the Court's Rule 7.1 Disclosure Order, Intel respectfully requests that the Court order that VLSI show cause as to why it should not be found to have violated the Court's Rule 7.1 Disclosure Order and ordered to comply with it now, or else be sanctioned.

## II. VLSI's Disclosure Regarding Third Party Funding

In addition to its insufficient disclosure regarding ownership, VLSI's Disclosure Regarding Third Party Funding is unclear, and information known to the parties and to the Court suggests that VLSI's disclosure is incomplete. VLSI states that "this litigation is self-funded and VLSI has not made arrangements with any third party to receive funding" for either a financial interest contingent upon the

results of the litigation or a non-monetary result. This vague assertion that the litigation is "self-funded" does not make sense in light of the facts known to date.

VLSI has engaged in no activity other than litigation since its formation and has received no money from the litigations it has filed. Any funds it uses to litigate this action must therefore be from "a person or entity that is not a party" to this action—whether Fortress, the investors who stand to benefit from VLSI's lawsuits, or someone else. Each of these entities presumably has some stake in the outcomes of VLSI's various litigation filings—all of which would be affected by Intel's declaratory judgment action. Moreover, VLSI admits that Fortress not only manages each of the ten funds that own VLSI, but that Fortress's oversight over the funds is so complete that they entered into confidentiality agreements "such that VLSI may not and does not" know the identities of the very entities that fund it. *See* D.I. 18. This suggests that Fortress is in fact directing the funding that enables VLSI to litigate this and other actions, and further likely has some stake in VLSI's success or failure in its activities.

Again, this is directly relevant to the "control" question at the heart of this case—and to the extent that the results of this litigation affect the interests of VLSI's litigation funders in this or other of VLSI's litigations, disclosure of those funders is necessary to comply with the Litigation Funding Order. Intel therefore respectfully requests that the Court also order that VLSI show cause as to why it should not be

found to have violated the Court's Litigation Funding Order and ordered to comply with it now, or else be sanctioned.

| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| | */s/ Jeremy A. Tigan* |
| William F. Lee | Jack B. Blumenfeld (#1014) |
| Dominic E. Massa | Jeremy A. Tigan (#5239) |
| Joseph J. Mueller | 1201 North Market Street |
| Rachel S. Bier | P.O. Box 1347 |
| WILMER CUTLER PICKERING HALE & DORR LLP | Wilmington, DE 19899 |
| 60 State Street | (302) 658-9200 |
| Boston, MA 02109 | jblumenfeld@morrisnichols.com |
| (617) 526-6000 | jtigan@morrisnichols.com |
| | *Attorneys for Plaintiff Intel Corporation* |

Thomas G. Saunders
Joshua L. Stern
WILMER CUTLER PICKERING HALE
    & DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
(202) 663-6000

Mary V. Sooter
WILMER CUTLER PICKERING HALE
    & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
(720) 274-3135

October 2, 2024

## **INTEL'S CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1**

Pursuant to D. Del. LR 7.1.1, the undersigned counsel certifies that Intel has made reasonable efforts, including with Delaware counsel, to reach agreement with Defendant VLSI Technology LLC regarding Intel's Motion to Show Cause. Counsel for Intel explained via email the grounds for its Motion. Intel's counsel, including Delaware counsel, then met and conferred via conference call with VLSI's counsel regarding this dispute, at which point VLSI stated that it does not believe its disclosures are insufficient or that supplementation is required. In response to VLSI's request, Intel then explained via email the relief it would be requesting in this Motion.

Dated: October 2, 2024                                    */s/ Jeremy A. Tigan*

                                                                                Jeremy A. Tigan (#5239)

## **CERTIFICATE OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order Regarding Briefing In All Cases (D.I. 11). The text of this brief was prepared in Times New Roman, 14 point font. According to the word processing system used to prepare it, the brief contains 1,928 words, excluding case caption, signature blocks, table of contents, and table of authorities.

Dated: October 2, 2024                                          */s/ Jeremy A. Tigan*

                                                                                    Jeremy A. Tigan (#5239)

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 2, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant*<br>*VLSI Technology LLC* | *VIA ELECTRONIC MAIL* |
| Morgan Chu, Esquire<br>Benjamin Hattenbach, Esquire<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>*Attorneys for Defendant*<br>*VLSI Technology LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)