IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-803 (CFC) |
| | ) |
| VLSI TECHNOLOGY LLC, | ) |
| | ) |
| Defendant. | ) |

**INTEL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER TO SHOW CAUSE WHY VLSI TECHNOLOGY HAS NOT COMPLIED WITH THE COURT'S STANDING ORDERS**

OF COUNSEL:

William F. Lee
Dominic E. Massa
Joseph J. Mueller
Rachel S. Bier
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Thomas G. Saunders
Joshua L. Stern
WILMER CUTLER PICKERING HALE
  & DORR LLP
2100 Pennsylvania Avenue NW
Washington DC 20037
(202) 663-6000

October 23, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Intel Corporation*

Mary V. Sooter
WILMER CUTLER PICKERING HALE
  & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
(720) 274-3135

## **TABLE OF CONTENTS**

                                                          **Page**

I. VLSI HAS NOT COMPLIED WITH THE COURT'S RULE 7.1 DISCLOSURE ORDER ................................................................................. 2

    A. VLSI Should Not Be Permitted To Avoid Complying With The Rule 7.1 Disclosure Order By Hiding Behind Its Opaque Ownership Structure. ............................................................................ 2

    B. The Court's Disclosure Order Is Necessary To Prevent Conflicts Of Interest And To Promote Transparency. ......................................... 6

II. VLSI HAS NOT COMPLIED WITH THE COURT'S LITIGATION FUNDING ORDER. ........................................................................................ 8

III. THE COURT SHOULD ORDER VLSI TO SHOW CAUSE WHY IT SHOULD NOT BE ORDERED TO COMPLY WITH THIS COURT'S STANDING ORDERS. ................................................................................... 9

IV. CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
   112 F.3d 869 (7th Cir. 1997) ...............................................................................8

*Doe v. Megless*,
   654 F.3d 404 (3d Cir. 2011) .................................................................................8

*Feezor v. Big 5 Corp.*,
   No. 2:09-1909, 2010 WL 308751 (E.D. Cal. Jan. 15, 2010)................................7

*Gerling International Insurance Co. v. Commissioner of Internal
   Revenue*, 839 F.2d 131 (3d Cir. 1988)..................................................................4

*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*,
   662 F. Supp. 2d 375 (D. Del. 2009)......................................................................4

*Liljeberg v. Health Services Acquisition Corp.*,
   486 U.S. 847 (1988).......................................................................................... 7-8

*Nimitz Technologies LLC v. CNET Media, Inc.*,
   No. 21-1247-CFC, 2022 WL 17338396 (D. Del. Nov. 30, 2022)....................7, 8

*Republic of Philippines v. Westinghouse Electric Corp.*,
   43 F.3d 65 (3d Cir. 1994) ...................................................................................10

*Santos v. Countrywide Home Loans*,
   No. 2:09-2642, 2009 WL 5206682 (E.D. Cal. Dec. 22, 2009)............................7

*Shell Oil Co. v. United States*,
   672 F.3d 1283 (Fed. Cir. 2012) ............................................................................7

*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*,
   No. 03-cv-241 JF, 2005 U.S. Dist. LEXIS 52921 (D. Del. Nov. 17,
   2005), *adopted*, 2006 WL 8452781 (D. Del. May 2, 2006)................................4

*VLSI Technology LLC v. Intel Corp.*,
   No. 17-cv-05671, 2023 WL 9052312 (N.D. Cal. Dec. 20, 2023) ......................10

**STATUTES**

28 U.S.C. § 455 ................................................................................................. 7, 8

**DOCKETED CASES**

*VLSI Technology LLC v. Intel Corp.*,
    No. 18-966 (D. Del.) ..................................................................................... 2, 10

*VLSI Technology LLC v. Intel Corp.*,
    No. 5:17-cv-05671-BLF-NC (N.D. Cal) ............................................................ 5

**OTHER AUTHORITIES**

Emily R. Siegel, *Fortress' Billions Quietly Power America's Biggest
    Legal Fights*, Bloomberg Law (Oct. 16, 2024) ...................................................... 5

*The exhibit cited in the opposition as "Ex. __" is attached to the Declaration of Joshua Stern filed herewith.

VLSI has not complied with the Court's Rule 7.1 Disclosure Order and Litigation Funding Order, and its opposition fails to justify its noncompliance. This Court has already determined that a nearly identical disclosure by VLSI does not comply with this Court's Rule 7.1 Disclosure Order. VLSI claims it does not have additional information in its possession, but it should not be permitted to escape its disclosure obligation by hiding behind its deliberately opaque ownership structure that is an entrenched feature of hedge-fund-driven patent litigation, in which lightly capitalized nonpracticing entities use the judicial system for financial gain while obscuring the interests behind the litigation. VLSI also claims its funding is not directed to any particular litigation, but fails to reconcile that position with the fact that VLSI's entire business to date relates to its litigation against Intel.

VLSI previously availed itself of this Court's jurisdiction on multiple occasions, and Intel filed the present action in this Court after ***VLSI*** convinced the Northern District of California to dismiss Intel's declaratory judgment counterclaim in that action by insisting that "Intel is barred from commencing litigation outside the State of Delaware under the Finjan License's forum selection clause." D.I. 27-1 at 2, 5-6. Now that Intel has done exactly what VLSI said was required, VLSI should not be permitted to escape its obligations to comply with this Court's disclosure requirements. The Court should order VLSI to show cause why it should not be ordered to comply with this Court's Rule 7.1 Disclosure Order and Litigation

Funding Order, and should deny VLSI's pending motions to dismiss, transfer or stay without prejudice until VLSI makes the required disclosures.

## I.   VLSI HAS NOT COMPLIED WITH THE COURT'S RULE 7.1 DISCLOSURE ORDER

As VLSI does not dispute, this Court has already found that a nearly identical disclosure by VLSI in a patent infringement case it brought against Intel in this Court does not comply with the requirements of this Court's Rule 7.1 Disclosure Order. *See* D.I. 25 ("Mot.") 3-4 (citing *VLSI Tech. LLC v. Intel Corp.*, No. 18-966 (D. Del.), D.I. 972, D.I. 975).  VLSI attempts to excuse its failure to comply by arguing that (1) it is not withholding any information because the requested information is not within VLSI's possession, custody, or control, and (2) VLSI has provided enough information for the Court to verify that it does not own a disqualifying interest in VLSI.  Both arguments should be rejected.

### A.   VLSI Should Not Be Permitted To Avoid Complying With The Rule 7.1 Disclosure Order By Hiding Behind Its Opaque Ownership Structure.

VLSI asserts that it has complied with the Court's Rule 7.1 Disclosure Order and should not be ordered to show cause because "VLSI is not withholding any information" and "does not know 'the name of every individual and corporation with a direct or indirect interest' in the ten funds that own VLSI Holdings."  D.I. 31 ("Opp.") 5-6, 12-17.  The Court should reject these positions for multiple reasons.

2

***First***, the Court's Rule 7.1 Disclosure Order requires a party that is a limited liability company to "include in its disclosure statement filed pursuant to Federal Rule of Civil Procedure 7.1 the name of every owner, member, and partner of the party, proceeding up the chain of ownership until the name of every individual and corporation with a direct or indirect interest in the party has been identified." The Order does not include any exceptions for parties that claim not to have this information in their possession, custody, or control.

***Second***, the Court should not excuse compliance for an entity—like VLSI—that was deliberately structured to reap the benefits of litigation while concealing its full ownership structure. When Fortress created VLSI to acquire patents and assert them against Intel, Fortress deliberately structured VLSI as a pass-through entity whereby VLSI's earnings from litigation move through a chain of pass-through entities to the ultimate owners.[1] Making an exception to this Court's disclosure requirements in these circumstances would gut the Court's disclosure order by allowing NPEs like VLSI to be structured in a manner to avoid compliance.

---

[1] VLSI asserts that the identities of investors are "subject to confidentiality agreements," Opp. 6, but does not explain who at Fortress provided this information and what those confidentiality obligations are. For example, VLSI does not state (1) if the obligation exists for each and every investor; (2) if it is the same for each investor; or (3) if disclosure is permitted under certain circumstances, such as in response to a court order. In any event, any legitimate confidentiality issues could be addressed through a protective order.

3

VLSI argues that "well-settled law" shields a party from disclosure requirements or sanctions for "information not in its custody or control." Opp. 13. But most of VLSI's cited cases did not involve information necessary to comply with Rule 7.1 or similar disclosure requirements. *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 138-139 (3d Cir. 1988) (information about another company held by plaintiff company's executive in personal capacity); *St. Clair Intell. Prop. Consultants, Inc. v. Canon, Inc.*, 2005 U.S. Dist. LEXIS 52921, at *20-21 (D. Del. Nov. 17, 2005) (privileged information); *Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 662 F. Supp. 2d 375, 384 (D. Del. 2009) (production of documents under FRCP 34(a)(1), which specifically requires documents to be in a "party's possession, custody, or control"). Moreover, none of VLSI's cited cases appear to have involved an entity specifically structured to avoid compliance with disclosure requirements. And in the cited instances where litigation proceeded in this Court without disclosure of all investors, the issue of compliance appears not to have been raised with the Court, the party was not forthcoming about its compliance with the Court's standing order, or the parties were not requesting further disclosure based on case-specific factors absent here. *See* VLSI Opp. Ex. 7 at 78:20-24; VLSI Opp. Ex. 9 at 4; VLSI Opp. Ex. 11 at 5:4-16.

***Third***, regardless of whether VLSI has been kept in the dark as it claims, Fortress and VLSI's investors should be required to decide either to identify VLSI's

4

ultimate owners or to face the consequences of VLSI not complying with this Court's standing order.

**Fourth**, the Court should not be assuaged by VLSI's argument that VLSI is controlled only by its CEO and its Board of Directors. Opp. 7-8. VLSI's contention is belied by the public record showing that Fortress controls VLSI: (1) Fortress formed VLSI in 2016 to purchase patents from NXP and directed and led the negotiations for that patent purchase; (2) Fortress assigns VLSI's board members; (3) Fortress's employees, who are paid by Fortress, constitute a majority of VLSI's board; (4) the Fortress-controlled VLSI Board approves VLSI's expenditures; (5) VLSI must request funding from Fortress; and (6) Fortress has direct access to VLSI's bank account and keeps limited funds in it. *See VLSI Tech. LLC v. Intel Corp.*, No. 5:17-cv-05671-BLF-NC (N.D. Cal.), D.I. 706 at 2-3. Indeed, Eran Zur, who is a Managing Director at Fortress and one of VLSI's three board members, recently explained that Fortress's general practice is that it "do[es] not invest passively" but instead "sit[s] on the board." Ex. E, Siegel, *Fortress' Billions Quietly Power America's Biggest Legal Fights*, Bloomberg Law (Oct. 16, 2024). Fortress should not be permitted to control VLSI's litigation while refusing to disclose VLSI's investors. And VLSI's investors should not be permitted to benefit

5

financially from VLSI's serial litigation while hiding behind alleged confidentiality obligations.[2]

### B. The Court's Disclosure Order Is Necessary To Prevent Conflicts Of Interest And To Promote Transparency.

VLSI does not appear to dispute that this Court has authority to issue and enforce its standing order. Instead, VLSI asserts that the Court should not enforce its standing order here because the Court has "no direct ownership interest in either VLSI, VLSI Holdings, or any Fortress-managed investment fund," and any "indirect interests in either VLSI or Intel … would not … create a disqualifying conflict." Opp. 9-12. The Court should reject VLSI's argument for multiple reasons.

***First***, VLSI cannot possibly assure the Court that it does not have a "disqualifying conflict" because VLSI claims not to know who its owners are. Moreover, VLSI should not be permitted to unilaterally decide whether this Court has a "disqualifying conflict." Instead, VLSI should be required to comply with the Court's disclosure rules so that the Court may make its own decision.

***Second***, contrary to VLSI's position, there are other potential ways that disclosure could reveal a conflict. As this Court has previously explained, "Rule 7.1 'does not cover all of the circumstances that may call for disqualification'" and

---

[2] Although VLSI attempts to analogize its knowledge of its investors to Intel, Opp. 8, this comparison is misplaced. The Court's standing order distinguishes between corporations and LLCs. Unlike corporations, the entities disclosed here are all pass-through entities, and the profits flow directly up the chain.

"'does not prohibit local rules that require disclosures in addition to those required.'" *Nimitz Techs. LLC v. CNET Media, Inc.*, 2022 WL 17338396, at *2 (D. Del. Nov. 30, 2022). For example, courts evaluating conflicts under 28 U.S.C. § 455(b) have routinely required recusal when a judge or family member has a financial or otherwise disqualifying interest in the litigation, either by having an interest directly in a party or an interest in a non-party closely connected to the dispute. *E.g.*, *Shell Oil Co. v. United States*, 672 F.3d 1283, 1291 (Fed. Cir. 2012); *Feezor v. Big 5 Corp.*, 2010 WL 308751, at *2 (E.D. Cal. Jan. 15, 2010); *Santos v. Countrywide Home Loans*, 2009 WL 5206682, at *1 (E.D. Cal. Dec. 22, 2009).

In addition to Section 455(b)'s specific grounds for recusal, Section 455(a) requires a judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." As this Court has explained, "it is critically important that federal judges do not suffer from conflicts that could call into question their impartiality." *Nimitz*, 2022 WL 17338396, at *2. Failure to uncover VLSI's complete ownership now would leave the Court vulnerable to the risk that later disclosures could place the Court in an untenable position that could have been avoided if VLSI had complied with the Court's standing orders. *See Liljeberg v.*

7

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988) (explaining that Section 455(a) can "be applied retroactively").[3]

***Third***, in addition to helping the Court comply with its ethical obligations, the Court's standing orders promote transparency by enabling the public to understand who stands to benefit from litigation. As this Court has explained, "[o]ne of the essential qualities of a Court of Justice [is] that its proceeding should be public." *Nimitz*, 2022 WL 17338396, at *3 (quoting *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011)). "Identifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

## II.   VLSI HAS NOT COMPLIED WITH THE COURT'S LITIGATION FUNDING ORDER.

VLSI does not dispute that any funds that it uses to litigate this action come from "a person or entity that is not a party," Mot. 7-8, but it argues that it has fully complied with the Court's Litigation Funding Order because "VLSI's indirect investors are invested in VLSI as a ***company***, not in any particular VLSI ***litigation***," Opp. 3. VLSI is wrong. VLSI's entire business is litigation. Thus, any investment

---

[3] While VLSI asserts that the California court denied discovery as to the identities of VLSI's investors, Opp. 11, the California court does not have the same disclosure requirements as this Court.

8

in VLSI is necessarily an investment in VLSI's litigation. There is nothing unfair about requiring an NPE that was formed for the sole purpose of asserting patents in litigation to disclose its investors. Indeed, if VLSI is not required to disclose its funding, this would create a loophole in the Court's Litigation Funding Order as any entity created for litigation could skirt the Court's standing order.[4]

### III. THE COURT SHOULD ORDER VLSI TO SHOW CAUSE WHY IT SHOULD NOT BE ORDERED TO COMPLY WITH THIS COURT'S STANDING ORDERS.

As Intel explained in its motion, the Court should order VLSI to show cause why it should not be ordered to comply with this the Court's disclosure orders. VLSI's arguments regarding sanctions should be rejected.

*First*, VLSI complains that sanctions raise due process concerns, Opp. 16-18, but VLSI's due process arguments are premature and wrong. Before sanctioning VLSI, the Court should order VLSI to comply with the disclosure requirements. If VLSI still refuses to comply, the Court should deny VLSI's pending motions without prejudice and then consider escalating sanctions. Although VLSI asserts that sanctions may not be assessed in the absence of bad faith, Opp. 16-17, VLSI's structure is a bad-faith attempt to benefit from litigation while hiding who will

---

[4] VLSI argues that Intel's position would mean that Intel "must disclose its investors" and that "any litigant that is even partially capitalized by investors … would necessarily have to disclose the identities of *all* those investors." Opp. 3, 5. But unlike Intel and many other litigants, VLSI's entire business is litigation.

9

benefit.  *Supra* §I.A.  VLSI lacks knowledge of its investors only because it is willfully blind to the complex ownership structure Fortress created.  *Id.*[5]

**Second**, VLSI wrongly argues that the Court should deny Intel's motion because the disclosure information would not bring the Court any closer to resolving this case.  Opp. 18-20.  The disclosures are threshold requirements for litigating before this Court, regardless of the underlying dispute.  Thus, the Court can and should order compliance before assessing its jurisdiction.  Regardless, the Court has subject matter jurisdiction over this action and should not decline jurisdiction.  *See* D.I. 26; D.I. 28.

Moreover, contrary to VLSI's assertion, Opp. 19, the identity of VLSI's investors is relevant to the merits, including the issue of "[w]hether VLSI and the Finjan Parties are under common control by Fortress," *see VLSI Tech. v. Intel Corp.*, 2023 WL 9052312, at *10 (N.D. Cal. Dec. 20, 2023).  In trying to dispute Fortress having control over VLSI, VLSI previously argued to this Court that "VLSI's parent company is owned by outside investors." *VLSI Tech.*, No. 18-966, D.I. 925 at 9.

---

[5] None of VLSI's cited cases suggest that a Court would violate due process by ordering a party to show cause why it cannot comply with the Court's disclosure requirements or by denying a motion to dismiss without prejudice until a party complied with these requirements.  Moreover, contrary to VLSI's position, "a court need not always find bad faith before sanctioning under its inherent powers." *Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1994).

10

The Court should not allow VLSI to point to its owners when convenient while hiding behind its corporate structure to conceal their identities.

## IV.   CONCLUSION

Intel's motion should be granted.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Jeremy A. Tigan* |
|  |  |
| William F. Lee | Jack B. Blumenfeld (#1014) |
| Dominic E. Massa | Jeremy A. Tigan (#5239) |
| Joseph J. Mueller | 1201 North Market Street |
| Rachel S. Bier | P.O. Box 1347 |
| WILMER CUTLER PICKERING HALE | Wilmington, DE  19899 |
|    & DORR LLP | (302) 658-9200 |
| 60 State Street | jblumenfeld@morrisnichols.com |
| Boston, MA  02109 | jtigan@morrisnichols.com |
| (617) 526-6000 |  |
|  | *Attorneys for Plaintiff Intel Corporation* |
| Thomas G. Saunders |  |
| Joshua L. Stern |  |
| WILMER CUTLER PICKERING HALE |  |
|    & DORR LLP |  |
| 2100 Pennsylvania Avenue NW |  |
| Washington DC  20037 |  |
| (202) 663-6000 |  |
|  |  |
| Mary V. Sooter |  |
| WILMER CUTLER PICKERING HALE |  |
|    & DORR LLP |  |
| 1225 17th Street, Suite 2600 |  |
| Denver, CO  80202 |  |
| (720) 274-3135 |  |

October 23, 2024

11

## **CERTIFICATE OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order Regarding Briefing In All Cases (D.I. 11). The text of this brief was prepared in Times New Roman, 14 point font. According to the word processing system used to prepare it, the brief contains 2,491 words, excluding case caption, signature blocks, table of contents, and table of authorities.

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 23, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant*<br>*VLSI Technology LLC* | *VIA ELECTRONIC MAIL* |
| Morgan Chu, Esquire<br>Benjamin Hattenbach, Esquire<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>*Attorneys for Defendant*<br>*VLSI Technology LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)